CHIEF JUSTICE MCGRATH
Concurs.
¶29 I concur in the result reached by the Court, but I write separately to clarify some of the issues of law involved.
¶30 Goetz was decided after Reichmand’s conviction but before sentencing, and he brought the issue to the District Court promptly.[1] Whether or not that was a “timely objection during trial” under §46-20-104(2), MCA, Reichmand is clearly entitled to have this Court review the issue under §46-20-701(2)(a), MCA. That statute provides that a claim of error affecting constitutional rights may be “noticed on appeal” even if there was no objection in the district court if the error *78 was prejudicial to the defendant’s guilt or punishment and the “right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application.”The Goetz decision was based upon the right of privacy and the search and seizure protections of Art. II, Secs. 10 and 11, of the Montana Constitution and thus meets the requirement that the issue affects constitutional rights. Second, the fact that warrantless electronic surveillance evidence was admitted and used at trial should be a sufficient prima facie showing that it was prejudicial to the finding of Reichmand’s guilt, meeting another requirement of the statute. Third, the rights determined by Goetz did not exist at the time of Reichmand’s trial, and Goetz has now been determined to be retroactive, meeting the last requirements of the statute.
¶31 It is clear that §46-20-701(2)(a), MCA allows this Court to “notice” Reichmand’s Goetz issue on appeal and to determine whether use of the warrantless electronic surveillance evidence against him warrants reversal of his conviction.
¶32 Goetz is substantially similar to this case legally and factually. I concur that admission of the evidence prejudicially affected Reichmand’s substantial rights. Section 46-20-701, MCA. The warrantless electronic surveillance evidence used at Reichmand’s trial was subject to suppression under Goetz.[2] That contention was the basis for Reichmand’s motion for a new trial, which could have been granted under Goetz unless use of the warrantless electronic surveillance evidence was harmless error. I concur with the majority’s conclusion that under the current harmless error test from Van Kirk, there is a reasonable possibility that the electronic surveillance evidence contributed to the verdict. Therefore, the error was not harmless.
¶33 I concur in the result reached by the majority.
JUSTICE NELSON joins in the foregoing concurrence.

 Requiring that defendants qualify for appellate review by objecting to evidence that was admissible under settled law at the time of trial requires a high level of clairvoyance. It may also lead to defendants ‘inevitably making a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent.” Johnson, 520 U.S. at 468, 117 S. Ct. at 1549. That would be an unwarranted waste of time and judicial resources.

 We should not, of course, expect a high level of clairvoyance from the District Court as we did not so expect of Reichmand. At the time Reichmand made his motion the District Court followed the apparent law set out in Foster-DeBerry.